# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | | |
|---|---|---|
| HENRY MILTON GAINES, | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Case No. CV415-200 |
| BRYAN COUNTY JAIL, | ) | |
| Defendant. | ) | |

## ORDER

Proceeding *pro se*, Henry Gaines brings this 42 U.S.C. § 1983 complaint against the Bryan County Jail, where he is currently confined. Doc. 1 at 5. Liberally construing[1] his sparse allegations, the Court discerns that he is unhappy with the dental and medical care he's received during his pre-trial detention at the jail. *Id.* A preliminary merits review[2] of that claim reveals fatal deficiencies that, at a minimum, require re-pleading.

---

[1] *See Gilbert v. Daniels*, 2015 WL 5063183 at * 1 (11th Cir. Aug. 28, 2015) ("We liberally construe the pleadings of *pro se* parties. . . .") (citing *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014), *cert. denied*, ___ U.S. ___, 135 S.Ct. 759 (2014)).

[2] The Prison Litigation Reform Act (PLRA) requires federal courts to conduct early screening of all suits filed by prisoners or detainees for the purpose of identifying

# I. GOVERNING STANDARDS

"'To establish a claim under 42 U.S.C. § 1983, a plaintiff must prove: (1) a violation of a constitutional right, and (2) that the alleged violation was committed by a person acting under color of state law.'" *McDaniels v. Lee*, 405 F. App'x 456, 458 (11th Cir. 2010) (quoting *Holmes v. Crosby*, 418 F.3d 1256, 1258 (11th Cir. 2005)). Jail officials violate a pre-trial detainee's Fourteenth Amendment due process rights when they act with deliberate indifference to his serious medical needs. *Andujar v. Rodriguez*, 486 F.3d 1199, 1203 (11th Cir. 2007).[3]

---

claims that are subject to immediate dismissal because they are frivolous or malicious, fail to state a claim for relief, or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A (which applies to prisoner/detainee complaints against governmental entities or officials, whether plaintiff is proceeding IFP or has paid the filing fee); 28 U.S.C. § 1915(e)(2)(B) (imposing the same dismissal obligation as to any case filed IFP, whether by a prisoner/detainee or any other "person"); 42 U.S.C. § 1997e(c)(1) (imposing the same dismissal obligation as to "any action brought with respect to prison conditions"). On initial screening of a prisoner complaint, only "cognizable claims" may be allowed to proceed. 28 U.S.C. § 1915A(b). All three statutory provisions contemplate the dismissal of non-cognizable claims prior to service of process upon any defendant. § 1915A (requiring screening "before docketing if feasible or . . . as soon as practicable after docketing"); § 1915(e)(2) (requiring dismissal "at any time" the court determines the suit to be factually or legally insubstantial); § 1997e(c)(1) (requiring dismissal of insubstantial claims on the court's "own motion").

[3] Because "the minimum standard for providing medical care to a pre-trial detainee under the Fourteenth Amendment is the same as the minimum standard required by the Eighth Amendment for a convicted prisoner," the Court analyzes Gaines' claims under the decisional law of both amendments. *Andujar*, 486 F.3d at 1203 n. 3.

> To prevail on a claim of deliberate indifference, a plaintiff must show: (1) a serious medical need;[4] (2) defendant's deliberate indifference to that need; and (3) causation between the defendant's indifference and the plaintiff's injury. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). In order to establish deliberate indifference on the part of a defendant, a plaintiff must show: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than gross negligence.' *Townsend v. Jefferson Cnty.*, 601 F.3d 1152, 1158 (11th Cir. 2010) (internal quotation marks and alteration omitted). With respect to the 'subjective knowledge' component, we have stated that defendants 'must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and must also draw the inference.' *Bozeman [v. Orum]*, 422 F.3d [1265,] 1272 [(11th Cir. 2005)] (internal quotation marks and alteration omitted).

*McDaniels*, 405 F. App'x at 458 (footnote added); *Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (defining "deliberate indifference" in terms of the subjective recklessness standard used in the criminal law, which ensures that "only inflictions of punishment carry liability" under the Eighth Amendment).

---

[4] A "serious medical need is considered one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotes and cite omitted). "Only 'those deprivations denying the 'minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation.' *Hudson v. McMillian*, 503 U.S. 1, 9 (1992). Mere 'malpractice' allegations do not suffice. *Gonzalez v. Sarreck*, 2011 WL 5051341 at * 18 (S.D.N.Y. Oct. 24, 2011)." *Jackson v. Franks*, 2012 WL 6626020 at * 1 (S.D. Ga. Dec. 19, 2012).

3

## II. ANALYSIS

An insurmountable obstacle confronts the Court before it ever reaches the substance of Gaines' claim -- he only names the Bryan County Jail as a defendant. *See* doc. 1 at 1. That alone sinks his ship because county jails are not entities capable of being sued under Georgia law. *See Brannon v. Thomas Cnty. Jail*, 280 F. App'x 930, 934 n. 1 (11th Cir. 2008) (citing *Ga. Insurers Insolvency Pool v. Elbert Cnty.*, 258 Ga. 317, 318 (1988)). Even if the jail were capable of being sued, it could not be held liable for the actions of jail officials on the basis of *respondeat superior*, *see Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981); *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978), and Gaines has not alleged that the jail, as an entity, actually participated in or was causally connected to the alleged deprivation of medical care. His claim would thus still be subject to dismissal. *See Moxley v. Coursey*, 2012 WL 3260264 at * 2 (S.D. Ga. July 17, 2012).

Ignoring that impossible-to-ignore issue, Gaines' claim as currently pled still fails to state a claim. His statement of claim (he used a § 1983 form complaint), in its entirety, reads:

4

> I have been here 15 ½ months and still not indicted.[5] I have a tooth that's going bad due t[o] no dental work and while in here they don't do no legal law at all of any kind. I once had a roommate that had [tuberculosis] but he bond right out the same day[.] I fear for my life here[;] they just book you in and let you go in the dorms without checking for TB.

Doc. 1 at 5.

That in no way suffices to state a claim for deliberate indifference. Gaines pleads nothing to indicate the severity of his tooth decay and nothing about anyone's subjective knowledge of his need for dental work, much less anything about a disregard for his need in the face of such knowledge. *See Farmer*, 511 U.S. at 837-45 (prison officials who are unaware of even an obvious risk to inmate's health or safety cannot be said to have inflicted "punishment" and therefore face no liability under

---

[5] Gaines fails to ask for any relief at all (that portion of his complaint is blank except for the initials "HG" written four times in a diamond-shaped pattern). To the extent that he implicitly seeks release from confinement, however, he in substance brings a 28 U.S.C. § 2241 habeas corpus action, not a § 1983 claim. *See Heck v. Humphrey*, 512 U.S. 477, 481 (1994) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 488-90 (1973) (habeas "is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement . . . even though such a claim may come within the literal terms of § 1983")). And § 1983 claims simply cannot be used in place of habeas corpus. *See Cooks v. Sec'y, Fla. Dep't. of Corrs.*, 599 F. App'x 940, 941 (11th Cir. 2015) ("As the Supreme Court stressed in *Wilkinson v. Dotson*, 544 U.S. 74, 125 S.Ct. 1242, 161 L.Ed.2d 253 (2005), we must 'ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement -- either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody.'").

the Eighth Amendment). The same can be said for his tuberculosis allegations, which fail in any case since a failure to provide testing for tuberculosis does not rise to the level of an Eighth or Fourteenth Amendment violation. *See Brown v. Ware Cnty. Jail Admin.*, 2011 WL 1103336 at * 2 (S.D. Ga. Feb. 16, 2011). Gaines' complaint therefore is due for dismissal in its current form.

Still, "[o]rdinarily, a party must be given at least one opportunity to amend before the district court dismisses the complaint." *Langlois v. Traveler's Ins. Co.*, 401 F. App'x 425, 426 (11th Cir. 2010). Only when amendment would (1) be futile, (2) prejudice the other party, or (3) where there has been undue delay or repeated failures to cure pleading deficiencies should a court deny leave to amend. *Id.*

Although sparse, Gaines' dental care deprivation allegations show just enough to avoid the futility bar, and since he hasn't served any defendants, no party will suffer prejudice from re-pleading. Hence, within 21 days from the date this Order is served, Gaines may amend his dental claim to name a proper defendant and to add factual allegations, if any exist, that reflect the serious medical need, deliberate indifference,

and causation elements outlined above. His tuberculosis and delayed indictment claims fail no matter how he pleads them.

Regardless of whether he re-pleads, it is time for Gaines to pay his $350 filing fee. His furnished account information shows that he has had a $0.00 average monthly balance in his jail account during the past six months. Doc. 4. He therefore owes no initial partial filing fee. *See* 28 U.S.C. § 1915(b)(1) (requiring an initial fee assessment "when funds exist," under a specific 20 percent formula). Nevertheless, plaintiff's custodian (or designee) shall set aside 20 percent of all future deposits to the account, then forward those funds to the Clerk each time the set aside amount reaches $10.00, until the balance of the Court's $350.00 filing fee has been paid in full.

Also, the Clerk is **DIRECTED** to send this Order to plaintiff's account custodian immediately. In the event plaintiff is transferred to another institution, his present custodian shall forward a copy of this Order and all financial information concerning payment of the filing fee and costs in this case to plaintiff's new custodian. The balance due from the plaintiff shall be collected by the custodian at his next institution in accordance with the terms of this Order.

**SO ORDERED** this 24TH day of September, 2015.

_/s/ M. Smith_
**UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA**

8